IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| PETER PAYNE; MARY BETH PAYNE; DAVID HOWARD; OKSANA HOWARD; MELVIN HARRIS; CHRISTINA CHILDERS; and DONNA HARRIS | | PLAINTIFFS |
| v. | CAUSE NO. 4:15CV246-LG-CMC | |
| UNITED STATES OF AMERICA; JOHN McHUGH, Secretary of the United States Army; UNITED STATES ARMY CORPS OF ENGINEERS; CRAIG FUGATE, Administrator of the Federal Emergency Management Agency; FEDERAL EMERGENCY MANAGEMENT AGENCY; GCS TRAILS OF FRISCO, d/b/a Golf Club of Frisco; SUN DEN FRISCO INVESTMENT LP, d/b/a GOLF CLUB OF FRISCO; HIGHLAND HOMES, LLC; CITY OF LITTLE ELM, TEXAS; CITY OF FRISCO, TEXAS | | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER CONCERNING
THE GOLF CLUB'S RULE 12(b)(6) MOTION AND
<u>MOTION FOR MORE DEFINITE STATEMENT</u>**

**BEFORE THE COURT** are the Motion [32] to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and the Motion [33] for a More Definite Statement filed by GCS Trails of Frisco d/b/a Golf Club of Frisco and Sun Den Frisco Investment LP d/b/a Golf Club of Frisco (hereafter collectively referred to as "the Golf Club"). Both Motions have been fully briefed by the parties. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that the Golf Club's Motion to Dismiss should be granted, and the Golf Club's Motion for More Definite Statement is moot.

# FACTS

The plaintiffs sued numerous defendants, claiming that the area behind their homes frequently floods, causing erosion that negatively impacts their properties. The plaintiffs' First Amended Complaint asserts that the flooding was caused, at least in part, by the construction of concrete surfaces and retaining walls by the defendant Highland Homes, a homebuilder that built the plaintiffs' homes as well as several homes upstream from the plaintiffs' properties. (1st Am. Compl. at 13-14, 16, ECF No. 3). The remainder of the defendants, including the Golf Club, were sued for failing to take actions to remediate or prevent the problems caused by the flooding. The plaintiffs attempt to assert a state law nuisance claim and a demand for declaratory relief against the Golf Club.[1]

The First Amended Complaint contains the following factual allegations concerning the Golf Club:

> 25. There is a portion of land behind Plaintiffs' Properties, a "buffer," that Plaintiffs believe is owned by the Golf Club . . . .
> 26. Beyond the buffer, the embankment drops approximately 18-20 feet down to the Flood plain, which encompasses Cottonwood Creek, the City of Frisco surface water culvert and the golf course.
> . . . .
> 58. [The Golf Club is] the owner[] of [the] Frisco Golf Club golf course which is located in the Floodplain [sic] adjacent to Plaintiffs' Property, and which is believed to include portions of the banks of Cottonwood Creek that provide lateral support to the soils of Plaintiffs' Properties.
> 59. [The] Golf Club property in question is within the Floodplain [sic] adjacent to Plaintiffs' Properties.

---

[1] The plaintiffs also asserted a Clean Water Act claim against the Golf Club, but that claim was dismissed without prejudice in a separate Memorandum Opinion and Order entered by this Court.

60. As such the Golf Club has a duty to ensure that the lateral support provided by its property[] does not erode to a point of compromising the structural integrity of Plaintiffs['] property.
. . . .
62. [The] Golf Club [has] refused to take any action to reduce the erosion of the soils on their property that provide lateral support to the Plaintiffs' Properties, and as such, continue to contribute to the accelerated erosion of soils providing lateral support to the Plaintiffs' Properties, and within the last two years, have caused, and continued to cause at every reasonable rainfall, damage to Plaintiffs' Properties .
. . .

(*Id.* at 8-9, 15-16).

In support of their nuisance claim, which is asserted against all defendants, the plaintiffs assert:

104. The characteristics of the Floodplain [sic] behind Plaintiffs' Properties has been adversely altered by the actions/inactions of Defendants as alleged herein.
105. The changes include, but are not limited to: [(1)] increasing the velocity and direction of water flowing through the Floodplain [sic] and accelerating the erosion of soils supporting Plaintiffs' souls [sic] beneath Plaintiffs' Properties; (2) lack of proper drainage, and (3) encroachment of excess waters into the subsoil causing instability of the subsoil beneath Plaintiffs' foundations to their homes and damages alleged herein.
106. Said changes have created a nuisance which is inherent in the condition itself, is continuing and re-occurring during almost every rainfall, and arose from intentional or grossly negligent acts on the part of Defendants.
107. Plaintiffs have a private interest in the land.
108. As alleged herein, the Defendants, and each of them, have interfered with the Plaintiffs' interest by the conduct alleged herein that was intentional and unreasonable given the known damage to the lateral support to Plaintiffs' Properties, the recent movement of Plaintiffs' soil in response to the erosion of lateral supporting soils, and future consequences for failing to take recommended actions to mitigate the acceleration of the erosion of soils providing lateral support to the soil beneath Plaintiffs' Properties.
109. These acts/failures to act by Defendants, and each of them, has [sic] resulted in a condition that substantially interferes with the

>Plaintiffs' private use and enjoyment of Plaintiffs' Properties; and was and continues to be a proximate cause of injury to the Plaintiffs.

(*Id.* at 24-25). The plaintiffs also make the following request for declaratory relief concerning the Golf Club:

> e) that the [sic] all defendants, and each of them, have a duty to mitigate the erosion of the soils providing lateral support of Plaintiffs' Property located in the Floodplain [sic] and/or Cottonwood Branch tributary of Lake Lewisville.

(*Id.* at 26).

The Golf Club has filed a Motion to Dismiss pursuant to Rule 12(b)(6), and in the alternative, a Motion for a More Definite Statement.

## DISCUSSION

### I. WHETHER THE GOLF CLUB'S MOTIONS ARE PROHIBITED AS SUCCESSIVE MOTIONS

On June 2, 2015, the Golf Club filed several pleadings in the following order: (1) a Motion [31] to Dismiss for Lack of Jurisdiction pursuant to Rule 12(b)(1); (2) the present Motion [32] to Dismiss pursuant to Rule 12(b)(6); (3) the present Motion [33] for More Definite Statement pursuant to Rule 12(e); and (4) an Answer [35]. In a separate opinion, this Court granted the first Motion to Dismiss, which was filed on the basis of lack of jurisdiction. However, this Court construed that Motion as a Rule 12(b)(6) Motion, because lack of jurisdiction was not a proper basis for dismissal.

The plaintiffs first argue that the Golf Club's Rule 12(b)(6) Motion and Motion for More Definite Statement are barred by Fed. R. Civ. P. 12(g)(2), which

provides: "Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Rule 12(h)(2) provides that the defense of failure to state a claim upon which relief can be granted can be raised in a motion for judgment on the pleadings. Fed. R. Civ. P. 12(h)(2).

The Court recognizes that the present Rule 12(b)(6) Motion is most likely an improper successive Motion under Rule 12(g)(2). *See Jaffer v. Standard Chartered Bank*, 301 F.R.D. 256, 259 (N.D. Tex. 2014) ("In general, Rule 12(b) defenses must be brought in a single motion, before filing an answer, if a defendant seeks to raise them before answering"). Nevertheless, this Court is permitted to construe the Golf Club's present Rule 12(b)(6) Motion as a Rule 12(c) Motion for Judgment on the Pleadings, which is governed by the same standards as a Rule 12(b)(6) Motion. *See Young v. City of Houston*, 599 F. App'x 553, 554 (5th Cir. 2015). Rule 12(c) Motions are exempted from Rule 12(g)'s prohibition of successive motions, and the defense of failure to state a claim upon which relief can be granted is not waived by the filing of a previous Rule 12 Motion. *See* Fed. R. Civ. P. 12(g)(2); Fed. R. Civ. P. 12(h)(2); Fed. R. Civ. P. 12(h)(1)(A). Therefore, the Court will address the merits of the Golf Club's Rule 12(b)(6) Motion. It is not necessary to discuss the effect of Rule 12(g) on the Golf Club's Motion for More Definite Statement, because that Motion is moot for the reasons stated below.

## II. THE GOLF CLUB'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

As explained previously, this Court will construe the Golf Club's Rule 12(b)(6) Motion as a Rule 12(c) Motion for Judgment on the Pleadings. "[A] motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Young*, 599 F. App'x at 554 (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 417 (5th Cir. 2008)). In order to survive a motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). In *Twombly*, the Court held that "heightened fact pleading of specifics" is not required, but "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555, 570. However, a court should not accept conclusory allegations, unwarranted factual inferences, and legal conclusions as true. *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010).

### A. The Plaintiffs' Nuisance Claim

"A nuisance 'is a condition that substantially interferes with the use and

enjoyment of land by causing unreasonable discomfort or annoyance to persons of ordinary sensibilities.'" *Crosstex N. Tex. Pipeline, L.P. v. Gardiner*, 451 S.W.3d 150, 155 (Tex. Ct. App. 2014). Texas "[c]ourts have broken actionable nuisance into three classifications: negligent invasion of another's interests; intentional invasion of another's interests; or other conduct, culpable because abnormal and out of place in its surroundings, that invades another's interests." *City of Tyler v. Likes*, 962 S.W.2d 489, 503 (Tex. 1997). For nuisances arising out of negligent behavior, the plaintiff must allege the elements of a negligence claim: a duty owed to the plaintiff, a breach of that duty by the defendant, and damage proximately caused by the breach. *Crosstex*, 451 S.W.3d at 155. Thus, "liability for negligent nuisance depends on whether the defendant acted as a person or party of ordinary prudence would have under the same circumstances in a legitimate use of his property." *Id.* at 156.

The Golf Club argues that the plaintiffs have not stated a claim for which relief can be granted, because the Golf Club does not owe a duty to the plaintiffs. Specifically, they argue that the plaintiffs' allegation that the Golf Club has failed to act to prevent erosion "does not constitute an intentional interference with plaintiffs' property, nor is there any legally recognized duty that compels the [Golf Club] to act." (Golf Club's Mot. at 9, ECF No. 32). The plaintiffs counter that the Golf Club owed a duty to curtail the erosion at issue pursuant to *Simon v. Nance*, 100 S.W. 1038 (Tex. Civ. App. 1907).

In *Simon*, the court held:

> By the weight of authority it is a well-settled rule of the common law that an owner of land has an absolute right to the lateral support of adjoining land. In other words, he has the right to have his land remain as it was in a state of nature, and neither the adjoining landowner, nor any one else, can rightfully remove from the boundaries of the land the support which holds its natural position. Therefore, if the adjoining proprietor constructs a ditch or other excavation in such a manner as causes the soil of the complainant to cave in, slough off, or wash away, such adjoining proprietor is liable for damages, and, in proper case, may be restrained by injunction.

*Simon*, 100 S.W. at 1040. "The right of an adjoining property owner to lateral support exists only so far as to require support for his land in its natural state from his neighbor's land in its natural state." *Carrion v. Singley*, 614 S.W.2d 916, 917 (Tex. Ct. App. 1981) (citing *Carpentier v. Ellis*, 489 S.W.2d 388, 390 (Tex. Ct. App. 1972)). Pursuant to the doctrine of lateral support, adjoining landowners do not have a duty to protect their neighbors from the damaging effects of water that were caused by the actions of third parties. *See Carpentier*, 489 S.W.2d at 390.

In *Simon* and all of its progeny, the defendants had taken some action, such as excavation, digging, or construction that damaged the lateral support of the plaintiffs' property. The plaintiffs in the present case have merely alleged that the Golf Club failed to take action to prevent erosion that was allegedly caused by the actions of another defendant. (1st Am. Compl. at 16, ECF No. 3). Furthermore, the plaintiffs' allegations that their properties contain "backfill," (*Id.* at 13-14), would prevent recovery for violation of the right of lateral support, because the plaintiffs' properties are no longer in a natural state. *See Carpentier*, 489 S.W.2d at 390 ("No

right of lateral support for land exists where the natural condition thereof has been altered through man's activities so as to create a need for lateral support where none existed in a state of nature, as where an owner raises the level of his land above his neighbor's adjoining land by filling.").

As explained previously, in order to state a nuisance claim under Texas law, the plaintiffs were required to allege negligent conduct, intentional conduct, or conduct that was abnormal or out of place. *See City of Tyler*, 962 S.W.2d at 503. Based on the allegations of the plaintiffs' First Amended Complaint, the Golf Club does not owe a duty to remedy the erosion affecting the plaintiffs' properties, and thus, the plaintiffs have not stated a plausible claim for a negligent nuisance. Furthermore, the plaintiffs have not alleged any abnormal or out of place conduct on the part of the Golf Club. The plaintiffs' only allegations of intentional conduct, (1st Am. Compl. at 24, ECF No. 3), are vague and conclusory assertions that are completely unsupported by factual allegations; therefore, these allegations are not entitled to a presumption of truthfulness. *See In re Great Lakes*, 624 F.3d at 210. Since the plaintiffs have not stated a plausible nuisance claim under Texas law, the plaintiffs' nuisance claim must be dismissed.

**B. The Plaintiffs' Request for Declaratory Judgment**

The plaintiffs request a declaration that the Golf Club "had a duty to mitigate the erosion of the soils providing lateral support of Plaintiffs' Property located in the Floodplain [sic] and/or Cottonwood Branch tributary of Lake Lewisville." (1st Am. Compl. at 26, ECF No. 3). As explained previously, based on

the allegations in the plaintiffs' First Amended Complaint, the Golf Club does not owe a duty to mitigate the erosion of soils providing lateral support for the plaintiffs' property under Texas law. Therefore, the plaintiffs' request for a declaratory judgment must be dismissed as to the Golf Club.

### III. THE GOLF CLUB'S MOTION FOR A MORE DEFINITE STATEMENT

Since the Court finds that all of the plaintiffs' claims against the Golf Club should be dismissed for failure to state a claim, the Court finds that the Golf Club's Motion for a More Definite Statement is moot.

### IV. THE PLAINTIFFS' REQUEST FOR LEAVE TO AMEND

The plaintiffs ask the Court for permission to amend their complaint to correct any deficiencies in the pleadings, but the plaintiffs have not provided the Court with a proposed amended complaint. The Court finds that the plaintiffs may request leave to amend their claims against the Golf Club by filing a motion to amend and a proposed amended complaint. Any motion to amend filed concerning the Golf Club must be filed within fifteen days of the date of this Memorandum Opinion and Order.

### CONCLUSION

For the foregoing reasons, the Golf Club's Motion to Dismiss is granted and its Motion for More Definite Statement is moot.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion [32] to Dismiss filed by GCS Trails of Frisco d/b/a Golf Club of Frisco and Sun Den Frisco Investment LP d/b/a Golf Club of Frisco is **GRANTED**. The plaintiffs'

negligence and declaratory relief claims filed against GCS Trails of Frisco d/b/a Golf Club of Frisco and Sun Den Frisco Investment LP d/b/a Golf Club of Frisco are hereby **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 12(c).

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the Motion [33] for a More Definite Statement filed by GCS Trails of Frisco d/b/a Golf Club of Frisco and Sun Den Frisco Investment LP d/b/a Golf Club of Frisco is **MOOT**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the plaintiffs may request leave to amend their claims against the Golf Club by filing a motion to amend and a proposed amended complaint. Any motion to amend filed concerning the Golf Club must be filed within fifteen days of the date of this Memorandum Opinion and Order.

**SO ORDERED AND ADJUDGED** this the 17th day of August, 2015.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE