IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| PETER PAYNE; MARY BETH PAYNE; DAVID HOWARD; OKSANA HOWARD; MELVIN HARRIS; CHRISTINA CHILDERS; and DONNA HARRIS | PLAINTIFFS |
| v. | CAUSE NO. 4:15CV246-LG-CMC |
| UNITED STATES OF AMERICA; JOHN McHUGH, Secretary of the United States Army; UNITED STATES ARMY CORPS OF ENGINEERS; CRAIG FUGATE, Administrator of the Federal Emergency Management Agency; FEDERAL EMERGENCY MANAGEMENT AGENCY; GCS TRAILS OF FRISCO, d/b/a Golf Club of Frisco; SUN DEN FRISCO INVESTMENT LP, d/b/a GOLF CLUB OF FRISCO; HIGHLAND HOMES, LLC; CITY OF LITTLE ELM, TEXAS; CITY OF FRISCO, TEXAS | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER GRANTING THE MOTION
TO DISMISS FILED BY THE UNITED STATES DEFENDANTS**

**BEFORE THE COURT** is the Motion to Dismiss [54] filed by: the United States of America; John McHugh, Secretary of the United States Army; the United States Army Corps of Engineers; Craig Fugate, Administrator of the Federal Emergency Management Agency; and the Federal Emergency Management Agency (hereafter sometimes collectively referred to as "the United States defendants"). The plaintiffs filed a response in opposition to the Motion. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that the Motion to Dismiss should be granted.

## BACKGROUND

The plaintiffs claim that the area behind their homes frequently floods, causing erosion that negatively impacts their properties. They filed this lawsuit claiming that the flooding is caused by the actions and/or omissions of numerous defendants. The plaintiffs' First Amended Complaint asserts the following claims: (1) a claim for negligent management of the flood plain filed against the City of Little Elm and the City of Frisco; (2) a takings claim filed pursuant to the United States Constitution and the Texas Constitution against the City of Little Elm and the City of Frisco; (3) a claim for negligent maintenance of the flood plain filed against the United States Army Corps of Engineers, FEMA, the City of Frisco, and the City of Little Elm; (4) a state law nuisance claim filed against all defendants; (5) a demand for declaratory relief; and (6) Clean Water Act claims filed against Highland Homes, the Golf Club, the City of Frisco, and the City of Little Elm.

The United States defendants filed the present Motion pursuant to Fed. R. Civ. P. 12(b)(1) on the basis of sovereign immunity, because the plaintiffs did not identify any statute that permits them to file this lawsuit against the United States defendants. The defendants also assert that any claims filed pursuant to the Federal Tort Claims Act (FTCA) would be barred due to the plaintiffs' failure to exhaust their administrative remedies. Furthermore, the defendants argue that the United States is the only appropriate defendant for claims filed pursuant to the FTCA.

## DISCUSSION

"The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress." *Freeman v. United States*, 556 F.3d 326, 334-35 (5th Cir. 2009). This rule applies to the United States as well as its departments and agencies. *St. Tammany Parish v. Fed. Emergency Mgmt. Agency*, 556 F.3d 307, 316 (5th Cir. 2009); *Kenmore v. U. S. Dep't of Labor*, No. 95-10054, 68 F.3d 468, *1 (5th Cir. Aug. 31, 1995).

The plaintiffs concede that their First Amended Complaint did not contain allegations of federal question jurisdiction or an express allegation of waiver of sovereign immunity. The plaintiffs clarify that they are pursuing their claims pursuant to the FTCA.[1]

The FTCA "is a limited waiver of sovereign immunity, making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment." *United States v. Orleans*, 425 U.S. 807, 813 (1976). The FTCA is the exclusive remedy for tort lawsuits filed against the United States or its agencies. 28 U.S.C. § 2679(a). The FTCA provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of

---

[1] The plaintiffs also pursue declaratory relief against the United States defendants pursuant to 28 U.S.C. § 2201. However, this statute does not grant consent for the United States to be sued; it merely creates a remedy over controversies of which the federal courts otherwise have jurisdiction. *Balistrieri v. United States*, 303 F.2d 617, 619 (7th Cir. 1962); *Anderson v. United States*, 229 F.2d 675, 677 (5th Cir. 1956).

any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant at any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). "The exhaustion of administrative review is a jurisdictional requisite to the filing of an action under the FTCA." *Gregory v. Mitchell*, 634 F.2d 199, 203-04 (5th Cir. 1981). "Waivers of sovereign immunity must be strictly construed. Section 2676 is more than a mere statement of procedural niceties. It requires that jurisdiction must exist at the time the complaint is filed." *Id.* at 204.

The plaintiffs argue that a Sixth Amended Petition they filed in a previous lawsuit concerning the same flooding that is at issue in the present lawsuit satisfies the administrative exhaustion requirement of § 2675(a).[2] However, a prior lawsuit "do[es] not satisfy § 2675, which requires presentation of the claim to the federal agency *before* filing an action in court." *Rattler v. United States*, 373 F. App'x 76, 77 (D.C. Cir. 2010) (citing *McNeil v. United States*, 508 U.S. 106, 112-13 (1993)) (emphasis added). Because the plaintiffs have not provided evidence that they submitted a claim to the federal agency before pursuing a lawsuit, the plaintiffs' FTCA claims against the United States defendants must be dismissed without

---

[2] The Petition was filed in the District Court of Denton County, Texas, on May 11, 2014, and it was removed to this Court on June 9, 2014. Following removal, the case was assigned cause number, 4:14cv369-RAS-DDB. The case was later remanded to state court before being voluntarily dismissed by the plaintiffs.

prejudice.

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss filed by the United States defendants is granted due to the plaintiffs' failure to exhaust administrative remedies.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion to Dismiss [54] filed by the United States of America, John McHugh, the United States Army Corps of Engineers, Craig Fugate, and the Federal Emergency Management Agency is **GRANTED**. The plaintiffs' claims against United States of America, John McHugh, the United States Army Corps of Engineers, Craig Fugate, and the Federal Emergency Management Agency are hereby **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 17th day of August, 2015.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE