IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

PETER PAYNE; MARY BETH PAYNE;
DAVID HOWARD; OKSANA HOWARD;
MELVIN HARRIS; CHRISTINA
CHILDERS; and DONNA HARRIS                                              PLAINTIFFS

v.                                          CAUSE NO. 4:15CV246-LG-CMC

UNITED STATES OF AMERICA; JOHN
McHUGH, Secretary of the United States
Army; UNITED STATES ARMY CORPS
OF ENGINEERS; CRAIG FUGATE,
Administrator of the Federal Emergency
Management Agency; FEDERAL
EMERGENCY MANAGEMENT AGENCY;
GCS TRAILS OF FRISCO, d/b/a Golf Club
of Frisco;  SUN DEN FRISCO INVESTMENT
LP, d/b/a GOLF CLUB OF FRISCO;
HIGHLAND HOMES, LLC; CITY OF LITTLE
ELM, TEXAS; CITY OF FRISCO, TEXAS                                       DEFENDANTS

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART THE MOTIONS TO DISMISS FILED BY HIGHLAND HOMES AND THE GOLF CLUB

**BEFORE THE COURT** are the Motion [17] to Dismiss for Lack of Jurisdiction filed by Highland Homes, LLC, and the Motion [31] to Dismiss for Lack of Jurisdiction filed by GCS Trails of Frisco d/b/a Golf Club of Frisco, and Sun Den Frisco Investment LP d/b/a Golf Club of Frisco (hereafter collectively referred to as "the Golf Club").  The Motions have been fully briefed by the parties.  After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that the Motion [17] to Dismiss filed by Highland Homes and the Motion [31] to Dismiss filed by the Golf Club should be granted in part and denied in part.  The plaintiffs' Clean Water Act claims filed against

Highland Homes and the Golf Club are dismissed without prejudice for lack of notice.

## BACKGROUND

The plaintiffs claim that the area behind their homes frequently floods, causing erosion that negatively impacts their properties. They filed this lawsuit claiming that the flooding is caused by the actions and/or omissions of numerous defendants, including Highland Homes and the Golf Club, who have filed the present Motions to Dismiss. The plaintiffs' First Amended Complaint asserts the following claims: (1) a claim for negligent management of the flood plain filed against the City of Little Elm and the City of Frisco; (2) a takings claim filed pursuant to the United States Constitution and the Texas Constitution against the City of Little Elm and the City of Frisco; (3) a claim for negligent maintenance of the flood plain filed against the United States Army Corps of Engineers, FEMA, the City of Frisco, and the City of Little Elm; (4) a state law nuisance claim filed against all defendants; (5) a demand for declaratory relief; and (6) Clean Water Act claims filed against Highland Homes, the Golf Club, the City of Frisco, and the City of Little Elm.

## DISCUSSION

### I. CLEAN WATER ACT

The Clean Water Act (CWA) was enacted in an attempt "to restore and maintain the chemical, physical, and biological integrity of the Nation's waters" by prohibiting the discharge of pollutants unless authorized by permit. 33 U.S.C. §

1251(a); 33 U.S.C. § 1311(a).  Although state and federal governments are primarily responsible for enforcing the CWA, private citizens are permitted to file CWA actions as an additional layer of enforcement.  33 U.S.C. § 1365(a), (b); *see also Lockett v. E.P.A.*, 319 F.3d 678, 684 (5th Cir. 2003).

A citizen action cannot be filed "prior to sixty days after the plaintiff has given notice of the alleged violation (i) to the Administrator [of the Environmental Protection Agency], (ii) to the State in which the alleged violation occurs, and (iii) to any alleged violator of the standard, limitation, or order . . . ."  33 U.S.C. § 1365(b)(1)(A).  "The [sixty]-day notice provides federal and state governments with the time to initiate their own enforcement actions."  *Sierra Club v. Hamilton Cnty. Bd. of Cnty. Comm'rs*, 504 F.3d 634, 637 (6th Cir. 2007).  It also provides the party that allegedly violated the CWA "an opportunity to bring itself into complete compliance with the [CWA] and thus . . . render unnecessary a citizen suit."  *Pub. Interest Research Grp. of N.J. v. Hercules, Inc.*, 50 F.3d 1239, 1246 (3rd Cir. 1995).

Section 1365(b) of the CWA provides that notice "shall be given in such manner as the [EPA] shall prescribe by regulation."  33 U.S.C. § 1365(b).  The EPA regulation requires that the notice "include sufficient information to permit the recipient to identify the specific standard, limitation, or order alleged to have been violated, the activity alleged to constitute a violation, the person or persons responsible for the alleged violation, the location of the alleged violation, the date or dates of such violation, and the full name, address, and telephone number of the

person giving notice." 40 C.F.R. § 135.3.

The Fifth Circuit has held that the CWA notice requirement is mandatory but "not jurisdictional in the strict sense of the term." *Lockett*, 319 F.3d at 682-83 (quoting *Sierra Club v. Yeutter*, 926 F.2d 429, 437 (5th Cir. 1991) (internal quotation marks omitted)).[1] Therefore, sixty day's notice is a "mandatory condition precedent to the filing of a citizen suit under the [CWA]," and the district court is required to dismiss the lawsuit if the plaintiff fails to comply with the notice requirement. *Nat'l Envtl. Found. v. ABC Rail Corp.*, 926 F.2d 1096, 1097-98 (11th Cir. 1991); *see also Envtl. Conservation Org. v. City of Dallas*, No. 3-03-CV-2951-BD, 2005 WL 1771289, at *4-5 (N.D. Tex. July 26, 2005).

Highland Homes and the Golf Club assert that the plaintiff failed to give them the notice required by the CWA. The plaintiffs counter that a Sixth Amended Petition they filed in a previous lawsuit concerning the same flooding that is at issue in the present lawsuit provided Highland Homes and the Golf Club with the required notice. The Petition was filed in the District Court of Denton County, Texas, on May 11, 2014, and it was removed to this Court on June 9, 2014.[2] Both

---

[1] The Court notes that Highland Homes and the Golf Club improperly filed their Motions pursuant to Fed. R. Civ. P. 12(b)(1), which pertains to jurisdiction; dismissal for lack of notice is actually warranted pursuant to Fed. R. Civ. P. 12(b)(6). *See Catskill Mountains Chapter of Trout Unlimited, Inc. v. City of New York*, 273 F.3d 481, 489 (2d Cir. 2001). Therefore, in the interest of judicial economy, the Court will construe the present Motions as Rule 12(b)(6) Motions.

[2] Following removal, the case was assigned cause number, 4:14cv369-RAS-DDB. The case was later remanded to state court before being voluntarily dismissed by the plaintiffs.

Highland Homes and the Golf Club were named as defendants in that lawsuit. The plaintiffs claim that the following language in the Petition provided Highland Homes and the Golf Club with notice:

> These actions/inactions, and others, of Defendants, individually and/or collectively have resulted in the mismanagement of flood waters, causing an increase of volume and velocity within Cottonwood Branch [tributary], increasing the frequency of flooding, and . . . altering the flow of water and increasing the rate of erosion fill material and soils providing lateral support to the soils beneath Plaintiffs' homes, and discharging fill materials into Cottonwood Branch and Lake Lewisville in violation of the CWA.

(Pls.' Resp., Ex. 1 at 16, ECF No. 41-1). However, the actions and inactions listed prior to this statement in the Petition do not specifically mention Highland Homes or the Golf Club. (*Id.* at 15-16).

Earlier in the Petition, the plaintiffs allege:

> Defendant Highland Homes constructed homes and sold properties in the Eldorado Estates addition, including "Plaintiffs' Properties" and had a contractual obligation to build retaining walls were [sic] needed for each lot.
> Plaintiffs' Properties . . . were knowing [sic] built by Highland Homes on lots that Highland Homes knew, or should have known contained filled soil which was laterally supported by the banks of Cottonwood Branch, which if flooded, would adversely affect the stability of the fill soil beneath Plaintiffs' Properties.

(*Id.* at 12). The Petition also alleges that the Secretary of the Army had jurisdiction to require Highland Homes to "take immediate remedial action to prevent that lateral soil (fill) from continuing to discharge into Lake Lewisville." (*Id.* at 18). The only allegation that specifically identifies the Golf Club is the following:

> [The Golf Club is] the owner[] of the . . . golf course which is located in the Floodplain and is, believed to include portions of the banks of

> Cottonwood Branch that provide lateral support to the soils of
> Plaintiffs' Properties. As such, [the Golf Club] has a duty to ensure
> that the lateral support provided by its property does not erode to a
> point of compromising the structural integrity of Plaintiffs' Properties.

The Petition does not purport to state any CWA claims against either Highland Homes or the Golf Club; it merely seeks a declaratory judgment that the Secretary of the Army and others have jurisdiction to determine if Highland Homes and the Cities of Frisco and Little Elm violated the CWA. (*Id.* at 35).

The Court finds that the plaintiff's Sixth Amended Petition does not satisfy the notice requirement of the CWA. The Petition did not state the dates of the alleged CWA violations, nor did it place Highland Homes and the Golf Club on notice that the plaintiffs were going to sue these defendants pursuant to the CWA. *See Kendall v. Thaxton Rd. LLC*, 443 F. App'x 388, 392 (11th Cir. 2011) (holding that notice was insufficient where the notice letter did not mention the defendants "as possible defendants in a lawsuit brought pursuant to the CWA"). It would be unreasonable to expect Highland Homes and the Golf Club to decipher notice that a CWA lawsuit would be filed against them from a thirty-six page Petition that asserts no claims against them for violation of the CWA and only vaguely references possible CWA violations while discussing the jurisdiction and liability of other defendants. Furthermore, it is questionable whether a previous lawsuit could ever fulfill the notice requirement under the CWA, because the very intent of the notice requirement is to *avoid* litigation where possible. *See Hercules, Inc.*, 50 F.3d at 1246 (quoting *Hallstrom v. Tillamook Cnty.*, 493 U.S. 20, 29 (1989)). Litigation

could never reasonably be used as a means of preventing litigation.

Nevertheless, even if the Sixth Amended Petition had provided sufficient notice to the defendants, the plaintiffs do not dispute that they failed to provide notice to the EPA Administrator and the State of Texas. This failure in and of itself is a violation of the CWA notice requirement warranting dismissal of the plaintiffs' claims against Highland Homes and the Golf Club. *See Chute v. Montgomery Cnty. Shooting Complex*, No. 3:12-CV-0776, 2013 WL 681987, at *4 (M.D. Tenn. Feb. 25, 2013).

## II. SUPPLEMENTAL JURISDICTION

The defendants argue that this Court should decline to assert jurisdiction over the state law claims filed against them as a result of the dismissal of the federal Clean Water Act claims. 28 U.S.C. § 1367(c)(3). However, claims over which this Court has original jurisdiction remain pending before this Court, including the plaintiffs' takings claims filed against the City of Frisco and the City of Little Elm. Thus, the defendants' argument raises the issue of pendent party jurisdiction, "that is [the court's] jurisdiction over parties not named in any claim that is independently cognizable by the federal court." *Finley v. United States*, 490 U.S. 545, 549 (1989). In *Finley*, the Supreme Court held that the Federal Tort Claims Act does not permit the district courts to exercise pendent jurisdiction over additional parties for which there is no independent basis for federal jurisdiction. *Id.* at 555-56. In direct response to *Finley*, Congress implemented the Judicial Improvements Act of 1990, providing:

> (a) Except as provided in subsections (b) or (c) . . ., in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all the claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. *Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.*

28 U.S.C. § 1367(a) (emphasis added); *see also Rodriguez v. Pacificare of Tex., Inc.*, 980 F.2d 1014, 1018 (5th Cir. 1993). Thus, Congress expanded pendent party jurisdiction to the limits of Article III of the Constitution. *Rodriguez*, 980 F.2d at 1018. The statute further provides that "district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

This Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. As a result, this Court has original jurisdiction over this case by virtue of the federal statutory and constitutional claims filed against the City of Frisco and the City of Little Elm. This Court has supplemental jurisdiction over the plaintiffs' state law nuisance claims filed against Highland Homes and the Golf Club, because those claims, as described in the plaintiffs' First Amended Complaint, arise out of the same case or controversy as the federal claims filed against the City of Frisco and the City of Little Elm. 28 U.S.C. § 1367(c)(3) would only apply if all of the claims over which this Court has original jurisdiction had been dismissed. Since federal claims

remain pending before this Court, the defendants' request for dismissal of the plaintiffs' nuisance claim pursuant to 28 U.S.C. § 1367(c)(3) must be denied.

## CONCLUSION

For the foregoing reasons, the plaintiffs' Clean Water Act claims filed against Highland Homes and the Golf Club are dismissed without prejudice for lack of notice. The plaintiffs' remaining claims against these defendants remain pending.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion [17] to Dismiss for Lack of Jurisdiction filed by Highland Homes, LLC, and the Motion [31] to Dismiss for Lack of Jurisdiction filed by GCS Trails of Frisco d/b/a Golf Club of Frisco, and Sun Den Frisco Investment LP d/b/a Golf Club of Frisco are **GRANTED** as to the plaintiffs' Clean Water Act claims and **DENIED** in all other respects. The plaintiffs' Clean Water Act claims filed against Highland Homes, LLC, GCS Trails of Frisco d/b/a Golf Club of Frisco, and Sun Den Frisco Investment LP d/b/a Golf Club of Frisco are hereby **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 17th day of August, 2015.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE